IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| FINEOLA INGRAM, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:15-cv-04156-NKL |
| ) | |
| COLE COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiffs Fineola Ingram, Justin Simmons, and Brian Boykin ask the Court to reconsider or set aside its order of dismissal and to permit them leave to file an amended complaint. [Doc. 37.] The motion is denied.

**I.  Background**

On July 16, 2015, Plaintiffs filed suit on behalf of themselves and a putative class of detainees, against Defendant Cole County, Missouri which operates the Cole County Detention Center, and Defendants Cole County Sheriff Greg White and Chief Deputy Sheriff John Wheeler, who are the jail administrators. Plaintiffs alleged the jail's clothing policies violate their rights under the Eighth and Fourteenth Amendments to the United States Constitution, and the similar sections of the Missouri Constitution.

On July 17, 2015, Plaintiffs' request for a temporary restraining order was denied, and a hearing on their request for a preliminary injunction was set for August 14, 2105. [Doc. 5.] By agreement, the parties subsequently performed limited, expedited discovery, consisting of nine depositions taken by Plaintiffs and the production of certain documents by Defendants. [Docs. 14, 18-26.] Defendants also filed a motion to dismiss on July 24, 2015. [Doc. 16.]

The Court held a teleconference with the parties on August 13, 2015, to discuss the impending preliminary injunction hearing and a writ of habeas corpus ad testificandum that Plaintiffs had just filed. During the teleconference, the Court indicated it had two hours set aside for the preliminary injunction hearing. Plaintiffs told the Court two hours was not a sufficient amount of time to present all of their evidence, and asked that the hearing be reset. The Court struck the hearing, stating that a hearing on the final injunction would be set later, if the Court did not grant the motion to dismiss. [Doc. 30.]

On September 24, 2015, the Court granted Defendants' motion to dismiss and entered judgment. [Docs. 35 and 36.] Plaintiffs never sought leave to amend prior to dismissal and entry of judgment.

## II. Discussion

Plaintiffs argue that the dismissal order should be reconsidered or set aside under Fed. R. Civ. P. 60(b)(2) and (6), and (d)(1), and that they should be granted leave to file an amended complaint under Rule 15(a). In support of their motion, they attach excerpts of several depositions they took on August 6 and 7, 2015, of persons whom they represent were Cole County jail detainees. [Doc. 37-1.]

Rule 60 provides, as relevant to Plaintiffs' motion:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> \*\*\*
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or]
>
> \*\*\*

2

> > (6) any other reason that justifies relief.

> > ***

> > **(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:

> > > (1) entertain an independent action to relieve a party from a judgment, order, or proceeding[.]

> > ***

Plaintiffs also seek leave to amend under Rule 15(a). But in view of the entry of final judgment, Rule 15 and its liberal amendment standard no longer directly apply. "[D]istrict courts … have considerable discretion to deny a timely post judgment motion for leave to amend because such motions are disfavored, [although they] may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits." *U.S. v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014) (quotation and citation omitted). Thus, "[l]eave to amend will be granted if it is consistent with the stringent standards governing the grant of … Rule 60(b) relief." *Id.* (quotation and citation omitted).

A district court has "wide" or "considerable" discretion in ruling on a Rule 60(b) or (d) motion. *See In re Levaquin Products Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014) (Rule 60(b) affords a district court "wide discretion"); and *Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d 873, 878 (8th Cir. 2010) (a district court's ruling with respect to a Rule 60(d) motion is "review[ed] only for a clear abuse of the district court's considerable discretion").

As discussed below, Plaintiffs' arguments fail.

### A. Rule 60(b)(2), newly discovered evidence

To obtain relief under Rule 60(b)(2), a movant must show: "(1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence

3

before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result." *Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006) (quotation and citation omitted). Plaintiffs fail to meet the requirements laid out in *Miller* in at least two respects.

First, Plaintiffs did not discover new evidence after entry of the Court's dismissal order. The evidence on which they rely consists of the depositions of other detainees that they took on August 6 and 7, 2015. Six weeks elapsed from the time they took the depositions until September 24, 2015 when the case was dismissed, during which time Plaintiffs could have brought the new evidence to the Court's attention. Evidence that could have been offered prior to entry of judgment is not properly considered in connection with a motion to reconsider. *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013). Plaintiffs' request under Rule 60(b)(2) fails for this reason alone.

To counter their delay, Plaintiffs state that after the complaint was filed, former detainees came forward with more information about the laundry policy, and that "much [of the discovery] was informal[.]" [Doc. 37, p. 2.] Therefore, Plaintiffs argue, it was "not reasonably practical for plaintiffs and their counsel or even for judicial economy for the plaintiffs to continually seek leave of the court to amend their complaint as each fact or circumstance arises or becomes known." [*Id.*, p. 5.] Plaintiffs also argue that they were otherwise occupied "with preparing the response" to Defendants' motion to dismiss. [*Id.*, p. 2.] Plaintiffs cite no authority excusing delay based on such factors, nor is the Court aware of any. Furthermore, except for the evidence contained in the depositions of August 6 and 7, 2015, Plaintiffs do not offer or describe any other evidence discovered after they filed suit, nor do they even state that they discovered some of the new evidence *after* the depositions were taken. In short, whatever course Plaintiffs' discovery of

4

evidence and case preparation took from the time they filed the case through the first ten days of August 2015, it would in fact have been reasonably practical and consistent with judicial economy for Plaintiffs to have brought the evidence to the Court's attention at some time during the following six weeks.

A separate reason why Plaintiffs are not entitled to relief under Rule 60(b)(2) is that at least some of the evidence is merely cumulative, and in any event, Plaintiffs fail to show "the evidence would probably have produced a different result." *Miller*, 439 F.3d at 414. Some of the deposition excerpts, for example, concern detainees' complaints that they can be observed naked by their cellmates and by opposite-sex guards, a complaint the Court addressed in the dismissal order and rejected. [Doc. 35, p. 8.]

Other excerpts add more detail to Plaintiffs' original allegations about the effect of the clothing and laundry policies, such as testimony that when inmates sleep naked, they are uncomfortable because the jail's blankets are itchy, or that clothing is sometimes returned from the laundry partly damp and partly dry, or might have some laundry soap clinging to it, causing it to be uncomfortable to wear. Such testimony is merely cumulative of the minimal deprivations alleged in the original complaint. As explained more fully in the dismissal order, minimal deprivations do not establish a constitutional violation. [*Id.*, pp. 6-8.]

Other excerpts, concerning the effect of the laundry policy on female inmates who are menstruating, arguably involve more than recast, or slightly more detailed, allegations. The deposition excerpts provide testimony, for example, that detainees must request maxi pads from the guards and only three pads are provided at a time; for one detainee, maxi pads were not a sufficient means of controlling menstrual discharge; detainees would run out of toilet paper and have to request more; a detainee had to wait for a few hours to receive pads even though she

5

needed them sooner and her underwear became soiled; detainees could request to exchange underwear that had become soiled, and sometimes it was exchanged immediately, but sometimes it was not. [Doc. 37-1, pp. 28, 3, 36, and 55.] The allegations are similar to ones made in constitutional challenges to conditions of confinement, and rejected by other courts. *See Stead v. Skinner,* 2011 WL 3882809 (N.D. Ill. Sept. 2, 2011) (over the course of five days, detainee who was menstruating was given one maxi pad, bled through her uniform pants, was given another pad a few days later, and had no running water with which to wash; conditions of detainees' confinement were not comfortable and were embarrassing but did not violate her rights); *Meyers v. Leflore County Detention Center Public Trust,* 2009 WL 87599 (E.D. Okla. Jan. 12, 2009) (detainee was given maxi pad and boxer shorts, which were not sufficient to control menstrual discharge; conditions of confinement may have caused discomfort and embarrassment but did not expose detainee to substantial risk of serious harm); and *Benjamin v. Fraser,* 161 F.Supp.2d 151 (S.D.N.Y. 2001) (detainee was deprived of feminine hygiene products and toilet paper for two nights; no constitutional deprivation). *See also Hartsfield v. Vidor,* 199 F.3d 305, 309-10 (6th Cir. 1999) (allegation that inmate was forced to sit in his own urine for two, eight-hour periods, had no access to toilet, and was not allowed drinking water did not establish deliberate indifference to health and safety). After carefully reviewing Plaintiffs' arguments, the Court cannot conclude that the inclusion of allegations based on such testimony would probably have resulted in denial of Defendants' motion to dismiss.

Plaintiffs are not entitled to relief under Rule 60(b)(2).

### B. Rule 60(b)(6), any other reason that justifies relief

Relief under Rule 60(b)(6) is only available "where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the

6

moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

Plaintiffs point to no exceptional circumstances. Even if the case moved quickly at the beginning due to Plaintiffs' request for injunctive relief, as Plaintiffs argue, they had the depositions in hand six weeks before the Court ruled on the motion to dismiss. Moreover, Plaintiffs were effectively put on notice during the August 13, 2015 teleconference that the Court was going to rule on the motion to dismiss before proceeding any further with respect to Plaintiffs' request for injunctive relief. Nothing prevented Plaintiffs from bringing new evidence to the Court's attention or seeking leave to amend before the motion to dismiss was ruled on.

Plaintiffs are not entitled to relief under Rule 60(b)(6).

### C. Rule 60(d), other powers to grant relief

Showing entitlement to relief under Rule 60(d)(1) requires a movant to meet a very high bar. Such relief is available only to prevent a "grave miscarriage of justice." *United States v. Beggerly,* 524 U.S. 38, 47 (1998). Thus, to prevent the restrictions of Rule 60(b) from "be[ing] set at naught," relief under Rule 60(d) is "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *Id.* at 46 (quotation and citation omitted). "The indispensable elements of" a successful Rule 60(d)(1) motion are "(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 708 F. Supp.2d 890, 898-99 (D. Minn. 2010)

7

(citing 11 Wright, Miller & Kane, *Federal Practice and Procedure,* Civil 2d § 2868, and *Nat'l Sur. Co. of New York v. State Bank of Humboldt,* 120 F. 593, 599 (8th Cir.1903)).

No extended discussion is necessary here. Plaintiffs cannot meet Rule 60(d)(1)'s high bar, inasmuch as they do not demonstrate the "indispensable elements," including fraud, accident or mistake.

### D. Rule 15(a), amendment before trial

Because Plaintiffs do not demonstrate entitlement to relief under Rule 60, they are not entitled to leave to amend under Rule 15. *See Mask of Ka-Nefer-Nefer*, 752 F.3d at 743.

### III. Conclusion

Plaintiffs' motion to reconsider or set aside, and for leave to file an amended complaint [Doc. 37] is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 30, 2015
Jefferson City, Missouri

8

Case 2:15-cv-04156-NKL   Document 41   Filed 11/30/15   Page 8 of 8